IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.  )<br>)<br>JAMES LAMONT JOHNSON,  )<br>)<br>Defendant.  ) | Criminal No. 12-52<br>Civil Action No. 23-238 |

**MEMORANDUM ORDER**

Presently before the Court is Defendant James Lamont Johnson's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Document No. 239). As discussed herein, Defendant's Motion is a second or successive § 2255 motion. Because Defendant has not received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive § 2255 motion, the Motion must be dismissed.

Following a jury trial, Defendant was found guilty and subsequently sentenced in October 2013 to 120 months' incarceration and 3 years' supervised release for possessing an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d). (Docket Nos. 5, 69, 84). Defendant unsuccessfully appealed his conviction. (Docket No. 96).

In December 2014, Defendant filed a motion to vacate his conviction under 28 U.S.C. § 2255, which the Court denied on the merits. (Docket Nos. 98, 106). Defendant subsequently filed a counseled § 2255 motion, which was voluntarily dismissed, as well as other *pro se* motions that the Court construed as second or successive § 2255 motions and denied. (Docket Nos. 113, 125, 146, 192). Most recently, on August 7, 2023, Defendant filed the pending § 2255 Motion, this time asking the Court to vacate his conviction based on the Supreme Court's decisions in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which addressed the

1

constitutionality of a New York law requiring residents to demonstrate "proper cause" to obtain a license to carry a handgun outside, and *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which addressed the knowledge-of-status requirement under 18 U.S.C. § 922(g). (*See* Docket No. 239 at 4).

On September 15, 2023, the Government filed a Response in Opposition to Defendant's § 2255 Motion, arguing that the Motion fails at the threshold and should be dismissed because it is a second or successive § 2255 motion for which he has not obtained prior authorization from the Third Circuit to file. (Docket No. 242 at 4-7). Additionally, the Government submits that the Motion should be dismissed because it is time barred. (*Id.* at 7-8). Defendant filed a Reply to the Government's Response on October 2, 2023, (Docket No. 243), and the matter is now ripe for disposition.

Pursuant to 28 U.S.C. § 2255(h), before filing a second or successive § 2255 motion, an applicant must first obtain certification from the Court of Appeals. Section 2255(h) provides as follows:

> (h)  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."); Rule 9 of the Rules Governing § 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. . . ."). If such certification is not first obtained, a district court lacks jurisdiction to consider a second or successive § 2255 motion and must either dismiss the motion or transfer it to the Court of Appeals. *See Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002) (district court lacks jurisdiction to consider merits of unauthorized successive § 2255 motion); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.")

Defendant previously sought relief under § 2255, as he filed his first § 2255 motion in December 2014, which the Court denied on the merits. (Docket Nos. 98, 106). Defendant subsequently filed motions which the Court construed as unauthorized second or successive § 2255 motion and denied. (*See* Docket Nos. 146, 192). Consequently, Defendant's pending § 2255 Motion is a second or successive § 2255 motion. Given that Defendant has not sought or received certification from the Third Circuit Court of Appeals to file the instant second or successive § 2255 Motion, this Court lacks jurisdiction to consider it and must dismiss or transfer it. *See Okereke*, 307 F.3d at 121; *Robinson*, 313 F.3d at 139.

In deciding whether to dismiss or transfer a second or successive § 2255 motion, a district court should evaluate whether the defendant has alleged facts sufficient to bring his motion within the gatekeeping requirement of § 2255(h) permitting second or successive motions based on newly discovered evidence or a new rule of constitutional law. *United States v. Kelly*, Crim. No. 08-374-12, 2022 WL 4104238, at *2 (W.D. Pa. Sept. 8, 2022). Here, Defendant has not alleged facts

3

indicating that the claims advanced in his second or successive § 2255 Motion satisfies § 2255's gatekeeping requirements.  He has not pointed to any newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty, nor has he identified any new rule of constitutional law that has been made retroactively applicable to cases on collateral review by the Supreme Court.[1]  Given that Defendant has not cleared § 2255(h)'s gatekeeping requirements, the Court does not believe the "interest of justice" warrants transfer.  *See* 28 U.S.C. § 1631 (providing for transfer to cure want of jurisdiction "if it is in the interest of justice").  Therefore, Defendant's second or successive § 2255 Motion must be dismissed rather than transferred to the Third Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  Because Defendant did not meet this standard, a certificate of appealability will not issue.

---

[1]  On these points, Defendant cites no new evidence, and his claims based on *Rehaif* and *Bruen* are purely legal in nature, and do not involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). First, *Rehaif* is irrelevant to Defendant's conviction, given that he was convicted of violating 26 U.S.C. § 5861(d), not 18 U.S.C. § 922(g)(1). In any event, the Third Circuit Court of Appeals has held that a second or successive § 2255 motion based on the Supreme Court's decision in *Rehaif* fails because "*Rehaif* did not state a rule of constitutional law at all." *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020). Further, courts have declined to find that the Supreme Court announced in *Bruen* a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. *See, e.g., Folk v. Sage*, Civ. No. 3:23-cv-71, 2023 WL 5211631, at *3, n.3 (M.D. Pa. Aug. 14, 2023) ("It is far from clear that *Bruen* recognized any new right at all, let alone a new right made retroactively applicable on collateral review. . . . *Bruen* appears merely to have clarified the appropriate test for evaluating whether regulations on firearm possession are unconstitutional under the Second Amendment, and then applied that test to a non-criminal state law dealing with firearms licensing.").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 5th day of October, 2023, IT IS HEREBY ORDERED that Defendant's second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, (Docket No. 239), is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

The Clerk of Court shall mark Civil Action No. 23-238 closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

      James Lamont Johnson (via U.S. Mail)
      # 20078-068
      FCI Cumberland
      Federal Correctional Institution
      P.O. Box 1000
      Cumberland, MD 21501